KOLSBUN, Respondent, vs. AUSEN, Appellant.

*December 7, 1916—January 16, 1917.*

*Real-estate brokers: Agency contract construed: Entire contract: Purchase price over and above mortgage.*

An agency contract whereby plaintiff undertook to sell defendant's farm "at and for the price and sum of $3,000, to be paid . . . one half cash, balance on time at six per cent.," and "upon payment of said sum as above provided" defendant agreed to convey title "clear of all incumbrances, except a mortgage of $700 now on said land," was an entire contract for the sale of the whole farm and meant that the sum of $3,000 was to be paid defendant over and above the existing mortgage of $700.

APPEAL from an order of the circuit court for Polk county: E. B. BELDEN, Judge. *Reversed.*

This is an action brought by the plaintiff to recover $500 as damages for the breach of a contract by the defendant.

The defendant is the owner of 120 acres of land which is described in the complaint. Wishing to sell the land, defendant entered into a written agreement with the plaintiff appointing plaintiff his exclusive agent to sell this real estate. The agreement provides that the defendant shall receive

"the price and sum of three thousand ($3,000) dollars, to be paid upon the following terms: one half cash, balance on time at six per cent. interest.

"Upon payment of said sum as above provided, party of the first part agrees to execute and deliver a good and sufficient warranty deed to said land to the purchaser, clear of all incumbrances, except a mortgage of seven hundred dol-

lars now on the said land, and promptly, upon sale being made under this contract by the second party, to furnish a due and proper abstract of title to said land showing title to be clear and marketable.

"It is further agreed by party of the first part that he will pay to party of the second part as and for a commission for the sale of said land five per cent. of the above amount, . . ."

and that the second party should receive as additional commission whatever he may receive over and above the amount the defendant agreed to accept for the sale of the farm.

The plaintiff sold eighty acres of this land to one Sherman and received $200 earnest money from Sherman. Sherman agreed to pay $3,200 for this eighty acres in the following manner: $1,600 in cash, balance on time at six per cent. Plaintiff then requested defendant to close the deal in accordance with their written agreement, to pay him his commission, and to deed him the remaining forty acres of land. The defendant declined to do this by refusing to convey the land to Sherman or the other forty acres to plaintiff.

The defendant demurred to the complaint for failure to state facts sufficient to constitute a cause of action. The trial court entered an order overruling the demurrer. From such order this appeal is taken.

The cause was submitted for the appellant on the brief of *McNally & Doar* of New Richmond, and for the respondent on that of *Kennedy & Yates* of Amery.

SIEBECKER, J. The plaintiff by the contract of agency undertook to sell the defendant's farm "at and for the price and sum of three thousand ($3,000) dollars, to be paid upon the following terms: one half cash, balance on time at six per cent. Upon payment of said sum as above provided," defendant agreed to convey title *"clear of all incumbrances, except a mortgage of seven hundred dollars now on said land,"* and furnish an abstract showing a clear and marketable title.

These provisions of the agreement clearly indicate that it is an entire one for the sale of defendant's whole farm. This the plaintiff has not done. Plaintiff's contract with Sherman is to sell Sherman eighty acres of the 120 acres constituting the farm. Under such sale to Sherman the unpaid balance of $1,600 of the purchase price of the eighty acres could become a claim secured by vendor's lien only subject to the existing $700 mortgage. Obviously, if this mortgage is first enforced against this eighty acres, then the equity in this eighty would be wholly inadequate to secure the payment of the $1,600 unpaid purchase money. Under all the circumstances the inquiry arises whether or not it was agreed that the plaintiff should secure for defendant the sum of $3,000 for the farm over and above the $700 existing mortgage against it. The language of the contract that plaintiff was "to sell" defendant's farm of 120 acres "at and for the price and sum of three thousand ($3,000) dollars, to be paid upon the following terms: one half cash, balance on time at six per cent. interest," carries a strong implication that this amount was to be paid to the defendant regardless of any lien on the land. The clause immediately following the above language, "Upon payment of 'said sum as above provided," then defendant "agrees to execute and deliver" a deed of the premises to the purchaser "clear of all incumbrances, *except a mortgage of seven hundred dollars now on the said land, . . .*" conveys the idea quite clearly that the sum of $3,000, specified as the sale price in the contract, was to be paid defendant over and above the $700 secured by mortgage on the land. We are convinced that the parties intended and that the agency contract requires of plaintiff to secure the $3,000 for the sale of the farm over and above the existing mortgage of $700. In the light of this condition of the contract the complaint fails to state a cause of action, because the facts alleged do not show that plaintiff has contract with a purchaser for the farm who is ready and willing to

pay the price of $3,000 for the farm and also assume to pay $700 secured by mortgage on the land. The court erred in overruling the demurrer to the complaint.

*By the Court.*—The order appealed from is reversed, and the cause remanded with direction to enter an order sustaining the demurrer, and for further proceedings according to law.

